IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUGUI CAI, | No. C-05-03175 EDL |
| Plaintiff, | **ORDER FOLLOWING PRETRIAL CONFERENCE** |
| v. | |
| FISHI CAFÉ, INC, et al., | |
| Defendants. | |

On November 13, 2007, the Court held a pretrial conference in this matter. For the reasons stated at the conference, the Court issues the following Order:

1. The trial in this matter will begin on December 3, 2007 for four days. Plaintiff will have six hours to present evidence and Defendants will have five hours. Each side will have an additional one hour total for opening and closing arguments, to be allocated as each side sees fit between the opening and closing arguments.

2. The parties shall meet and confer regarding stipulated facts. No later than November 14, 2007, Defendants will submit proposed stipulated facts to Plaintiff, who will respond to Defendants no later than November 15, 2007. No later than November 16, 2007, the parties shall provide the stipulated facts to the Court.

3. No later than November 14, 2007, Defendants shall prepare a joint statement of the case to give to Plaintiff. No later than November 15, 2007, Plaintiff shall respond to Defendants about the joint statement. No later than November 16, 2007, the parties shall provide the

joint statement of the case to the Court.

4. No later than November 16, 2007, Defendants shall designate portions of Plaintiff's deposition that they intend to use at trial. No later than November 20, 2007, Plaintiff may object to those designations.

5. No later than November 16, 2007, the parties shall propose a joint proposed jury instruction regarding the statute of limitations with respect to willfulness and damages.

6. No later than November 14, 2007, Plaintiff shall propose the first draft of the special verdict form to Defendants taking into account the statute of limitations issue. No later than November 15, 2007, Defendants shall respond to Plaintiff's verdict form. No later than November 19, 2007, the parties shall submit a joint proposed special verdict form to the Court.

7. Defendants' motion in limine to exclude all documents subpoenaed by Plaintiff from the Labor Department is granted in part and denied in part. Exhibit 18 is not excluded. No later than November 16, 2007, the parties shall meet and confer and submit a joint proposed limiting instruction to be given to the jury if Exhibit 18 is offered into evidence. Exhibit 19 is excluded.

8. Defendants' motion in limine to exclude all arguments that Defendants are alter egos or owners of the corporations that employed Plaintiff is granted.

9. Defendants' motion in limine to limit the testimony of Plaintiffs' witnesses to facts pertaining to "Plaintiff's duties, schedule and persons having control over the employee's work conditions" is unopposed and is granted.

10. Defendants' motion in limine to exclude the surveillance tape showing Defendant Lin at the restaurant is denied.

11. The parties shall immediately meet and confer regarding Defendants' belated objections to Plaintiff's exhibits. Because Defendants failed to timely object, the Court will only entertain written objections by Defendants sparingly and no later than November 16, 2007.

//

//

2

12. The Court proposes the following jury instruction regarding willfulness:

> If you find that Lily Liu and/or Yen Cheng Lin were Plaintiff's employers and failed to pay Plaintiff overtime in violation of the FLSA, you must decide whether the failure to pay was willful.  To prove willfulness, Plaintiff must establish that Lily Liu and/or Yen-Cheng Lin either knew that his or her conduct was prohibited by the FLSA or showed reckless disregard for whether the conduct was prohibited by the FLSA, and did not merely act negligently.

No later than November 15, 2007, the parties may make any objections to the Court's proposed willfulness instruction.

**IT IS SO ORDERED.**

Dated: November 14, 2007

                                                  ELIZABETH D. LAPORTE
United States Magistrate Judge